UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AUTO-MARK, INC. dba SEA FOAM SALES COMPANY, | Case No. 24-cv-4442 (JMB/ECW) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| CONSUMER PRODUCT SAFETY COMMISSION, | |
| Defendant. | |

This case is before the Court on the Joint Motion for Entry of Protective Order (Dkt. 17). Having considered the Joint Motion and for good cause shown, the Motion is **GRANTED** and **IT IS ORDERED** that the following shall govern discovery in this case:

1. For purposes of the Protective Order, the term "CONFIDENTIAL" Information means any and all trade secrets, commercial, technical, manufacturing, financial, or other information that is not publicly known or able to be derived from public sources, and which is reasonably claimed as confidential information by non-parties and their affiliates and consultants, in the Consumer Product Safety Commission's ("CPSC") administrative record ("Administrative Record") in the above-captioned case. Defendant has a statutory or regulatory obligation to protect CONFIDENTIAL Information pursuant to the Consumer Product Safety Act, 15 U.S.C. § 2055; the Trade

Secrets Act, 18 U.S.C. § 1905; and CPSC regulations, 16 C.F.R. § 1015.18. Nothing in this Protective Order shall be construed to limit the authority of the United States to undertake any action pursuant to applicable law or regulation.

2.  Documents that are part of the Administrative Record and that contain CONFIDENTIAL Information may be provided without redactions to Plaintiff's outside counsel and to Jared Wall, Plaintiff's general counsel, provided that Mr. Wall has signed the Confidentiality Agreement attached as Exhibit 1. If the need arises, Plaintiff may seek Defendant's written consent to replace in-house counsel entitled to receive CONFIDENTIAL Information with other of its in-house counsel. Such documents will be marked "CONFIDENTIAL" on every page, and Plaintiff's outside counsel and designated in-house counsel shall treat the CONFIDENTIAL Information contained in such documents as confidential, subject to the procedures for filing documents with the Court provided in paragraph 3 and to the procedures for removing a confidential designation of particular documents provided in paragraph 5.

3.  No documents containing, referring to, or otherwise disclosing CONFIDENTIAL Information shall be publicly filed with the Court. Documents containing CONFIDENTIAL Information may be submitted to the Court under seal in accordance with District of Minnesota Local Rule 5.6.

4.  Except as otherwise ordered herein, CONFIDENTIAL Information shall be maintained in strict confidence by Plaintiff's outside counsel and the in-house counsel designated in paragraph 2. Such information shall not be used by such counsel for any

purpose other than the prosecution of this action. Such information will not be furnished, shown, or disclosed to any person except:

    a. CPSC employees, agents, or attorneys;

    b. U.S. Department of Justice attorneys assigned to this case, as well as those attorneys' supervisor(s) and supporting personnel, including paralegals, IT personnel, and secretarial and clerical personnel;

    c. Attorneys at the law firms for counsel of record in this action, as well as their supporting personnel and contract vendors, including but not limited to paralegals, clerks, secretaries, IT personnel, copy vendors, and clerical personnel;

    d. Plaintiff's in-house counsel designated in paragraph 2;

    e. Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters; and

    f. Any other person authorized to receive CONFIDENTIAL Information by order of the Court or by written agreement of the parties.

Except as provided in this paragraph, under no circumstances may CONFIDENTIAL Information be made available to any other person or entity without a specific court order or upon written agreement of the parties. Nothing herein shall be deemed to restrict any party or their counsel with respect to their own documents and information and/or the documents and information of their respective affiliates.

5. In the event that Plaintiff opposes a CONFIDENTIAL designation of a particular document or documents within the Administrative Record, CPSC will review the confidentiality designation and may remove it from such document(s) altogether or may remove that designation subject to the redaction of specific information within the document(s). If the parties are unable to informally resolve any dispute regarding a confidentiality designation or the scope of the information that must be redacted in order to remove a confidentiality designation, any party may seek intervention by the Court to determine whether such documents or information are entitled to protection. The information shall be treated in accordance with its confidentiality designation pending a ruling by the Court.

6. Before disclosing CONFIDENTIAL Information to any persons identified in paragraphs 4(d) and 4(f) above, counsel shall require such persons to read a copy of the Order and sign a copy of the Confidentiality Agreement, in the form attached hereto as Exhibit 1, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; (c) agrees to submit to the Court's jurisdiction, for purposes of enforcement of this Order by proceedings for contempt and/or proceedings for legal and/or equitable relief, including damages, for a breach thereof. Counsel shall retain such Confidentiality Agreement until such time as the litigation, including all appeals, is concluded and counsel has retrieved all CONFIDENTIAL Information from the recipient pursuant to paragraph 12 below. Counsel for Plaintiff shall be responsible for providing a copy of this Order to all persons entitled to access CONFIDENTIAL Information under paragraphs 4(d) and 4(f) and to

employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated. Counsel are responsible for ensuring that their legal, paralegal, and clerical staff comply with this Order.

7.      The inadvertent or unintended disclosure of CONFIDENTIAL Information shall not be deemed a waiver in whole or in part of the claim of confidentiality for any CONFIDENTIAL Information.

8.      This Protective Order in no way affects or relieves any party of its responsibility to comply with any federal, state, or local law or regulation. Nothing in this Protective Order alters the rights and/or liabilities of the parties with respect to the litigation.

9.      This Protective Order shall govern all proceedings in this action.

10.     CONFIDENTIAL Information may be offered at any court proceeding, provided that the proponent gives reasonable notice to all counsel and to the Court so that appropriate measures may be taken to secure the courtroom. Any party may move the Court for an order that the information be received *in camera* or under other conditions to prevent unauthorized disclosure.

11.     This Protective Order shall survive the termination of the case and is binding on all parties until further order of the Court.

12.     Within 60 days after the final conclusion of all aspects of this litigation, documents designated as CONFIDENTIAL Information shall be returned to counsel for the party or person who designated the information as such, or destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to the

5

producing party not more than 60 days after final termination of this litigation. Counsel, including any person who obtained access to CONFIDENTIAL Information pursuant to this Order, shall be barred from disclosing such information thereafter. Notwithstanding the above, counsel of record for each party may retain archival copies of all CONFIDENTIAL pleadings, motion papers, exhibits thereto, joint appendices filed with the Court, the Administrative Record, transcripts or other records of court proceedings, legal memoranda, correspondence, and work product. The terms of this Protective Order shall continue to apply to any such information retained by any party. Any party may retain copies of any public court filing, without limitation.

13. The Court may sanction counsel, their staff, or any person who obtained access to CONFIDENTIAL Information pursuant to this Order, as appropriate for violation of this Order.

14. Counsel may apply to the Court for modification of this Order after reviewing the documents designated as CONFIDENTIAL. If counsel determine that they intend to apply to the Court for modification of the Order, they shall nevertheless continue to abide by the terms of this Order until the Court makes a final ruling on the issue.

15. If a party (a "Subpoenaed Party") receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of another party's (a "Protected Party") CONFIDENTIAL Information, the Subpoenaed Party shall give written notice to the Protected Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific CONFIDENTIAL

Information sought and enclosing a copy of the subpoena or other compulsory process. If written notice to the Protected Party must be provided by an earlier time to allow the Protected Party to timely seek a protective order, the Subpoenaed Party must provide written notice by that earlier time. If the Protected Party timely seeks a protective order, the Subpoenaed Party to whom the subpoena or other compulsory process was issued or served shall not produce the CONFIDENTIAL Information requested prior to receiving a court order or consent of the Protected Party. In the event that CONFIDENTIAL Information is produced, other than by court order, to the non-party in accordance with this provision, such material shall be treated as CONFIDENTIAL Information pursuant to this Order.

16. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying generally on analysis performed based on any CONFIDENTIAL Information; provided, however, in accordance with paragraph 4 herein, that in rendering such advice and otherwise communicating with such clients, counsel shall not disclose the CONFIDENTIAL Information.

17. To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

Date: January 23, 2025         *s/Elizabeth Cowan Wright*
                               ELIZABETH COWAN WRIGHT
                               United States Magistrate Judge

# **EXHIBIT 1: CONFIDENTIALITY AGREEMENT**

I,_____, hereby acknowledge, agree, and certify under penalty of perjury that:

1. I have read the Stipulated Protective Order ("Order") entered in the civil action captioned *Auto-Mark, Inc. dba Sea Foam Sales Company v. Consumer Product Safety Commission*, Civil Action No. 24-cv-04442-JMB-ECW, in the United States District Court for the District of Minnesota.

2. I understand the terms of the Order.

3. I hereby agree to be bound by and comply with the terms of the Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

4. I understand that a violation of the Protective Order may subject me to contempt proceedings and to legal and equitable remedies, including damages.

5. I understand and agree that money damages would not be a sufficient remedy for breach of this Order and that a party that asserts the confidential interest shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach. I agree to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Order but shall be in addition to all remedies available at law or equity.

2

6.      I hereby irrevocably submit to the jurisdiction of the United States District Court for the District of Minnesota, or any other court of competent jurisdiction, for purposes of ensuring compliance with the terms and conditions of the Order and for civil remedies in the form of legal and equitable relief, including damages, for any breach thereof.

Executed on_____.

_____
Signature

_____
Printed Name